**AMERICAN TRANSPORT LINES, INC., Plaintiff–Appellee,**

v.

**Jorge WRVES, Maria Wrves, Miami General Supply, Inc., Anauco Corp., Occidental Fragrances Corp., Imex, USA, Inc., Defendants–Appellants.**

**No. 91–5883.**

United States Court of Appeals, Eleventh Circuit.

March 15, 1993.

---

Ralph P. Ezzo, Miami, FL, for defendants-appellants.

Thomas V. Halley, Halley, Calkins & Avallone, P.C., Miami, FL, for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and CLARK, Senior Circuit Judge.

BIRCH, Circuit Judge:

Defendants-appellants Jorge and Maria Wrves appeal the district court's decision finding them liable for $21,365.50 of an unpaid tariff. The Wrves contend that they were not obligated to pay the entire tariff because the carrier had orally agreed to waive certain fees. We reject the Wrves' arguments and AFFIRM the district court's decision.

## I. BACKGROUND

During 1988 and 1989, American Transport Lines, Inc. ("American Transport") carried cargo on nine occasions for Imex, USA, Inc. ("Imex").[1] Based on the tariff rates, American Transport billed Imex $85,-338.50 for the shipments. Imex paid $36,-600, which, when coupled with a $160 credit, left an unpaid balance of $48,578.50 that Imex refused to pay. American Transport brought suit to recover the unpaid balance.

After discovery, the district court determined that Imex's liability for a portion of the $48,578.50 was not in dispute, granted American Transport's motion for partial summary judgment, and awarded American Transport $27,213.00, leaving a balance of $21,365.50. At trial, Imex contended that it did not owe American Transport the entire $21,365.50 because a portion of that amount represented port differential fees that American Transport had orally agreed to waive from the tariff. The district court found that American Transport, as a carrier, was required to charge the rate appearing on its filed tariff, and, thus, Imex was liable for entire unpaid balance.

## II. DISCUSSION

■ Imex contends that American Transport, in an oral agreement with Imex, agreed to waive the port differential fees from the tariff it charged for transporting Imex's cargo. Once a carrier establishes a tariff that is approved by the Federal Maritime Commission, the tariff binds the carri-

---

presents no occasion to consider the *per se* rule eschewed in *Brown.*

1. Imex was dissolved as a corporation on November 14, 1986 and reinstated on October 13, 1989. Jorge and Maria Wrves were the sole shareholders, officers, and directors of Imex.

The district court found that as such they were liable for any debt that Imex owed in this case. The Wrves do not appeal this determination. For simplicity, we refer to Imex throughout the opinion, though in fact the Wrves are liable for Imex's debts in this case.

er and the shipper with the force of law. *Gilbert Imported Hardwoods, Inc. v. 245 Packages of Guatambu Squares,* 508 F.2d 1116, 1120 (5th Cir.1975). *See also Allstate Ins. Co. v. International Shipping Corp.,* 703 F.2d 497, 500 (11th Cir.1983). Once the tariff is approved, "the rate must be charged and paid regardless of mistake, inadvertence or contrary intention of the parties." *Gilbert,* 508 F.2d at 1121.

In this case, American Transport filed a tariff with the Federal Maritime Commission that the Commission approved. Regardless of whether there was any oral agreement between American Transport and Imex, American Transport was required to charge Imex the approved tariff. The district court, therefore, correctly concluded that Imex owed American Transport the remaining balance of the unpaid tariff.

We AFFIRM the district court's decision.